UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. S1 4:22 CR 698 MTS PLC ) ) |
| GARY POINDEXTER | ) ) |
| Defendant. | ) ) |

**UNITED STATES OF AMERICA'S SUPPLEMENTAL MOTION FOR PRETRIAL DETENTION OF DEFENDANT GARY POINDEXTER**

The United States of America moves for the detention of defendant Gary Poindexter for the reasons set forth below.

**BACKGROUND**

**A.   Indictment**

Defendant is charged in the United States District Court for the Eastern District of Missouri with conspiracy to distribute and possess with the intent to distribute 400 grams or more of a mixture or substance containing fentanyl from November 2021 to the date of the indictment (Doc. # 1). Defendant faces punishment of between a mandatory minimum 10 years' to life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A).

Among other things, defendant lead a drug trafficking organization responsible for the distribution of fentanyl within the Eastern District of Missouri. Defendant served as a source of supply and facilitator for the conspiracy. More specifically and based upon information and belief, Defendant was actively possessing and distributing fentanyl throughout 2021, and through the date of his arrest in November of 2021.

1

By way of example, during the course of the investigation, Poindexter utilized a residence located in St. Louis County, as a base and storefront to sell narcotics. Poindexter actively sold illegal narcotics from this drug sale house to others in the community. Investigators were able to utilize a confidential source to confirm that Poindexter was in fact selling fentanyl from the drug sale house.  Investigators also intercepted mobile phone communications between Defendant and various unidentified individuals who would call defendant in order to purchase narcotics.  Among other things discussed during those intercepted communications, Defendant agreed to sell narcotics to numerous individuals from the drug sale house during the months of September and October of 2021.   Investigators also maintained surveillance of Defendant at the drug sale house up to the date of his arrest in November 2021. The investigation revealed that defendant was full-time drug dealer supplying large quantities of illegal narcotics to the public during the course of the investigation.

On or about November 22, 2021, investigators executed a federal search warrant at Defendant's separate residence. Defendant was located inside the residence with three other individuals, including co-defendant Alesha Conway. Inside the entry way closet to the residence, investigators   located over 500 grams of bulk fentanyl. Near the fentanyl, investigators located Defendant's cellphones, wallet, and an identification card belonging to defendant. Defendant made statements to investigators admitting the aforementioned drug sale house was where he conducted his drug trafficking operations. He further informed investigators that he sold fentanyl, crack, and methamphetamine from the drug sale house. He also admitted to selling ounce level quantities of fentanyl and estimated that he was receiving an income of at least $100,000 a month as a result of his drug trafficking activity.

## ANALYSIS

A.     **Bail Reform Act**

The Bail Reform Act, 18 U.S.C. § 3142(e), requires a court to order detention of a person pending trial upon finding, after a hearing, "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community ...." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir.1991); *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (citing *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (en banc))). The United States must prove by clear and convincing evidence that the defendant poses a danger to the community or, by a preponderance of the evidence, that the defendant is a flight risk. *Id*.

The preponderance of evidence shows a risk of flight where, among other factors, the weight of the evidence is enough to alert the defendants to a "reasonable possibility of conviction." *United States v. Townsend*, 897 F.2d 989, 993-94 (9th Cir.1990). A defendant's financial condition and the length of sentence he or she faces are of particular importance in assessing the risk of flight. *United States v. Torres*, No. CR-09-657 PJH, 2009 WL 2160581, at *2 (N.D. Cal. July 20, 2009). In assessing danger, physical violence is not the only form of danger contemplated by the statute. Danger to the community can be in the form of continued narcotics activity or even encompass pecuniary or economic harm. *United States v. Reynolds*, 956 F.2d 192 (9th Cir. 1992). Propensity to commit crime generally may constitute a sufficient risk of danger to come within the act. *See United States v. Karmann*, 471 F.Supp. 1021, 1022 (C.D. Cal 1979).

In assessing whether to detain or release a defendant, the court must consider:

        (1)     the nature and seriousness of the offenses charged,

        (2)     the weight of the evidence against the defendant,

>    (3)   the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history, and
>    (4)   the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).

The weight of the evidence against the defendant is the least important of these factors, and the court may not engage in a pretrial determination of guilt or innocence.  *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir.1985).

It is appropriate for this Court to consider challenged evidence in ruling on a motion for pretrial detention.  *United States v. Apker*, 964 F.2d 742, (8th Cir. 1992) (citing 18 U.S.C. § 3142(f) (rules concerning admissibility of evidence in criminal trials do not apply in detention hearings); *United States v. Angiulo*, 755 F.2d 969, 974 (1st Cir. 1985) (challenged information via electronic surveillance may be considered regarding detention ruling at least until court determines information was illegally obtained)).

Section 3142(e) provides that a rebuttable presumption against pretrial release arises when a court finds probable cause that the defendant committed an offense under, *inter alia*, the Control Substances Act, 21 U.S.C. § 841. See 18 U.S.C. § 3142(e)(3)(A).  For purposes of § 3142(e), an indictment by a grand jury establishes probable cause triggering the presumption.  *See United States v. Ward*, 63. F.Supp.2d 1203, 1209 (C.D.Cal. 1999) (citing cases from the First, Second, Third, Sixth, Seventh, and Eleventh Circuits).  In order to rebut the presumption, the defendant must produce evidence that he does not pose a danger to the community or a risk of flight.  *Abad*, 350 F.3d at 797 ("'In a presumption case such as this, a defendant bears a limited burden of production-not a burden of persuasion ....'" (quoting *United States v. Mercedes*, 254 F.3d 433, 436

(2d Cir. 2001))).  If the defendant meets his burden of production, "'the presumption favoring detention does not disappear entirely but remains a factor to be considered among those weighed by the district court.'" *Id*. (*quoting Mercedes*, 254 F.3d at 436).

**B.    The rebuttable presumption against defendant's release exists.**

Defendant is charged with violating §§ 841 and 846 of the Controlled Substances Act.  *See* 21 U.S.C. §§ 846 (conspiracy) and 841(a)(1) (prohibiting the possession and distribution of controlled substances).  Under these sections, violations involving 400 grams or more of a mixture or substance containing fentanyl require a minimum prison sentence of 10 years.  21 U.S.C. § 841(b)(1)(A)(viii).  The United States seized over 500 grams of fentanyl in this investigation.

A grand jury indicted Defendant and co-defendant Shawn Cannon and others for knowingly and intentionally conspiring to possess with the intent to distribute and distribute fentanyl. As a result, probable cause exists that Defendant committed an offense under the Controlled Substance Act and a rebuttable presumption arises against Defendant's release.

**C.    Statutory factors weigh against releasing defendant pending trial.**

*1.    Nature and Seriousness of the Offense*

Defendant is charged with a serious offense involving the possession and distribution of large quantities of fentanyl.  *See United States v. Christie*, 10–00384SOM, 2010 WL 2900371, at *4 (D.Haw.  July 20, 2010) ("The nature of the offense weighs strongly in favor of detention, as the distribution of drugs is a serious offense." (*citing Townsend*, 897 F.2d at 994)).  The United States alleges that Defendant played a leading role in the conspiracy to possess and distribute large quantities of fentanyl to the community.  The indictment constitutes a determination of probable cause that each of these acts occurred and was committed by Defendant.  *See United States v. Strickland*, 932 F. 2d 1353, 1354 (10th Cir. 1991).

5

This offense carries a long term of incarceration. Violations of 21 U.S.C. § 841(b)(1)(A) require a minimum 10-year prison sentence.  The prospect of such a long term of incarceration provides ample incentive for Defendant to flee prior to trial.  The substantial prison time he is facing provides an overwhelming incentive to flee to avoid prosecution.  *See United States v. Kaplan*, Case No. 4:06CR337 CEJ (E.D. Mo. June 13, 2007) (Medler, J.) (defendant detained where, among other things, maximum amount of over 70 years of imprisonment provided incentive to flee) (*citing United States v. Martir*, 782 F.2d 1141, 1147 (2nd Cir. 1986) (maximum combined terms of imprisonment of a 105 years creates potent incentives to flee)); *United States v. Arndt*, 329 F. Supp. 2d 182, 199 (D. Mass. 2004) (facing lengthy term of imprisonment is in itself an incentive to flee; *United States v. Lewis*, 767 F. Supp. 1008, 1010 (E.D. Mo. 1991) (facing severe sentence if convicted provides incentive to flee)).  In fact, a court's concern that the possibility of a death sentence or life imprisonment may heighten the risk of flight is relevant and a valid, singular basis for detention.  *United States v. El-Gabrowny*, 35 F.3d 63, 65 (2d Cir. 1994) (no constitutional violation in long pretrial detention where prospect of lengthy term in prison provides great incentive to flee); *United States v. Gonzalez*, 995 F. Supp. 1299, 1303 (D. N.M. 1998); *United States v. Nichols*, 897 F. Supp. 542, 547 (W.D. Okla. 1995) (prospect of lengthy prison term, life imprisonment, or death penalty provides defendant with great incentive to flee).

Given the lengthy potential prison sentence, and magnitude of the drug conspiracy this first factor weighs heavily in favor of pretrial detention.

   2.   *Weight of the evidence*

The second factor also weighs in favor of detention.  Substantial evidence, including months' worth of recorded phone communications, physical surveillance, and the seizure of a bulk quantity of fentanyl implicates Defendant in this drug conspiracy.  While the weight of the

6

evidence may be the least important factor within this Circuit, *see Motamedi*, 767 F.2d at 1408, it nevertheless counsels against releasing Defendant pending trial.

    *3.     Defendant's character, physical and mental condition, family ties, and past substance abuse and criminal history*

The United States awaits the pretrial services report regarding Defendant's background.

    *4.     Nature and seriousness of the danger to any person or the community*

Analysis under the three prior factors illustrates the danger Defendant poses to individual persons and the community. Defendant acted as a primary source of supply for the drug trafficking organization. Particularly, Defendant is responsible for distributing fentanyl; an extremely dangerous narcotic, to the community. The alleged facts of this case illustrate the inherent danger illegal drug distribution poses to communities. *See United States v. Bethea*, 763 F.Supp.2d 50, 54 (D.D.C.Cir. 2011) ("The purchase and sale of narcotics is an inherently dangerous activity, and [the defendant] poses a danger to the community through his cocaine and crack cocaine distribution."); *see also United States v. Valenzuela*, No. CR12-062RSL, 2012 WL 1377087, at *1–4 (W.D. Wash. Apr. 19, 2012) (reversing magistrate judge's decision to release defendant pending trial where presumption of detention existed along with evidence of drug trafficking in significant quantities of drugs, among other things).

## CONCLUSION

Based upon a review of the statutory requirements, there is clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community or other specific persons residing in the community if Defendant were released. Moreover, those same facts, coupled with the possibility of significant time in prison once convicted, establish by a preponderance of the evidence that Defendant represents a risk of flight.

Therefore, the United States of America respectfully requests that this court grant its motion for pretrial detention and order Defendant committed to the custody of the Attorney General of the United States or his representative pending trial.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

/s/ *Ricardo Dixon*
RICARDO DIXON, #70026
Assistant United States Attorney
ricardo.dixon@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Ricardo Dixon
Ricardo Dixon
Assistant United States Attorney